IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFREDO GARCIA-BECERRA, | § | |
| | § | |
| Defendant-Petitioner, | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-07-0053 |
| | § | CIVIL ACTION H-08-714 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent. | § | |
| | § | |
| | § | |

## MEMORANDUM AND OPINION

The petitioner, Alfredo Garcia-Becerra,[1] has moved under 28 U.S.C. § 2255 to vacate his 2007 conviction and 26-month sentence for illegal reentry. (Docket Entry No. 39).  The government has moved to dismiss this section 2255 motion.  (Docket Entry No. 43).[2]  Based on the motion and pleadings on file, the parties' submissions, the record, and the applicable law, this court grants the government's motion to dismiss and, by separate order, enters final judgment.  The reasons are set out in detail below.

## I.    Background

An indictment dated February 21, 2007 charged Garcia with illegal reentry after deportation following a felony conviction, in violation of 8 U.S.C. §§ 1326 (a) and

---

[1] Garcia is also known as Israel Becerril Garcia, a/k/a Alfredo Garcia, a/k/a Alfredo Garcia-Becerra.

[2] On May 16, 2008, Garcia filed a motion seeking an extension until June 13, 2008 to file his response. (Docket Entry No. 44).  Garcia has not yet filed his response.

1326(b)(1).  On March 20, 2007, Garcia pleaded guilty to the indictment, without a plea agreement.  On August 15, 2007, he was sentenced to a 26-month prison term.  Garcia filed an unsuccessful appeal.  The United States Supreme Court denied his petition for writ of *certiorari* on May 27, 2008.

## II.     The Applicable Legal Standards

Garcia is proceeding *pro se*.  Courts construe *pro se* litigants' pleadings under a less stringent standard than is applied to pleadings filed by attorneys.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson,* 188 F.3d 250, 255 (5th Cir. 1999).  Pleadings filed by a *pro se* litigant must be liberally construed.  *See Haines*, 404 U.S. at 521; *see also United States v. Pena,* 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.,* 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).

28 U.S.C. § 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"Section 2255 provides the primary means of collateral attack on a federal sentence.  Relief under this section is warranted for any error that occurred at or prior to sentencing."  *Cox v. Warden, Federal Detention Center,* 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotations and citations omitted).  A section 2255 motion requires an evidentiary hearing unless the

motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992).

To obtain collateral relief under 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid,* 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)), *cert. denied*, 112 S. Ct. 978 (1992). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes,* 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Id*.; *see also United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999). If the error is not of constitutional or jurisdictional magnitude, the defendant must show that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Id*. at 232 n.7, quoted in *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007 (1992).

The procedural default rule bars section 2255 relief as to claims that could have been, but were not, raised at trial or on direct appeal. "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show

3

both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady*, 456 U.S. at 167-68; *see also United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).  The procedural default rule does not apply to claims that could not have been raised on direct appeal, such as ineffective assistance of counsel, when those claims require development of a factual record or are not discoverable until after appeal.  *See, e.g., United States v. Marroquin,* 885 F.2d 1240, 1245-46 (5th Cir. 1989) (noting that a federal prisoner's double jeopardy challenge to multiple sentences would be more properly raised in a section 2255 motion than on direct appeal).

**III.    Analysis**

In five related grounds, Garcia argues that his conviction is void because the criminal jurisdiction statute, 18 U.S.C. § 3231, was never enacted into law and is unconstitutional. He explains that because Public Law 80-772 was never voted into law by the Senate during any session of the 80th Congress, and because the House then adjourned twice *sine die*, the bill died.  He argues that as a result of those circumstances, Title 18 of the United States Code was not legally passed into law in 1948, being *void ab initio* because it was signed into law after Congress was adjourned.  Garcia claims that his trial counsel rendered ineffective assistance by failing to object to this court's lack of jurisdiction.

Garcia's claims are without merit. He challenges the validity of the United States criminal code by challenging the enactment of Public Laws 80-772 and 80-773.  Public Law 80-772 is the provision that enacted 18 U.S.C. § 3231, which reads as follows:

4

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

Public Law 80-773 formed the basis for the codification of the habeas corpus statutes, 28 U.S.C. § 2241 through 28 U.S.C. § 2255.

In *United States v. Harbin*, 2007 WL 2777777 (S.D. Tex. Sept. 21, 2007), the court considered and rejected similar arguments.  This court reasoned as follows:

> In support of his claim, Harbin attaches a copy of *Kennedy v. Sampson*, 511 F.2d 430 (D.C. Cir. 1974) and relies heavily on the text of two footnotes in the appendix to the opinion.  The text of one of those footnotes describes the adjournment in July 1947 (after the House passed the bill that would become Public Laws 80-772, but before the Senate did) as follows:

>> The Senate and the House of Representatives adjourned on July 27, 1947 under a "conditional final adjournment" resolution, S. Con. Res. 33; 93 Cong. Rec. 10400. Pursuant to the resolution, the two Houses were to stand in adjournment until January 2, 1948, unless recalled into a session earlier by specified Senate and House leaders. In effect, the adjournment was a sine die adjournment, not an intrasession adjournment.

> *Kennedy*, 511 F.3d 430, Appx. at n 4. When Congress adjourns sine die, unpassed bills die of their own accord.[3]  Thus, the footnotes in *Kennedy* appear to lend some credence to Harbin's arguments.

---

[3]The term "adjournment sine die" is defined as "[t]he ending of a deliberative assembly's or court's session without setting a time to reconvene." Black's *Law Dictionary* 44 (8th ed. 2004).

But those footnotes must also be read in context. It is clear from the context that the intended meaning of those words was that the July 1947 recess was not an intrasession recess (which was what the rest of the Appendix referred to), but an inter session recess. That is, although the term "sine die" is used in the footnotes, it was intended to convey that a session of Congress was ending, rather than merely having a break in the session. It should not be read as Harbin reads it, to mean that the entirety of the Congress (i.e., both sessions of Congress) ended at the time. Instead, only one of the two sessions of Congress ended. The text where the footnotes occur make this clear, too, because it indicates that footnotes 4 and 5 refer to the 1st session of the 80th Congress, and the 2nd session of the 80th congress, respectively. Taken in context, those footnotes cannot be read literally to mean that there was an adjournment sine die of that entire Congress, such that all pending bills died. Moreover, the 80th Congress did not adjourn sine die in July 1947. When the first session adjourned, it did so to a date certain, not sine die. *See Kennedy*, 511 F.2d 430, Appx. at n.4 (Congress adjourned in July 1947 until January 2, 1948). Accordingly, the Court finds no merit in Harbin's contentions.

*Harbin*, 2007 WL 2777777, at *5 (footnotes in the original). Other courts have also rejected similar arguments. *See Mayfield v. U.S. Attorney General*, 2008 WL 2130234, at *6 (E.D. Tex. May 16, 2008); *U.S. v. Risquet*, 426 F. Supp.2d 310 (E.D. Pa. 2006) (noting that the 1948 amendment to Section 3231 passed both houses of Congress and was signed into law by President Truman on June 25, 1948, and that the amendment and statute was "properly enacted and binding."); *Jones v. Unknown Warden*, Slip Op. No. 06-82, 2006 WL 389833 (E.D. Mo.); *United States v. Lawrence*, Slip Op. No. 02-200, 2006 WL 250702 (N.D. Ill.); *Delreth v. United States*, Cr. No. L-03-1745-6, 2006 WL 1804618, at *4 (S.D. Tex. June 27, 2006) (noting that legislation predating 18 U.S.C. § 3231 gave federal courts jurisdiction

6

over federal crimes).  Garcia's challenge to this court's subject matter jurisdiction based on an argument about the validity of Section 3231 and its enacting legislation, Public Law 80-772, are without merit.

Garcia's argument that his trial counsel was ineffective because he failed to raise this argument is also without merit.  A claim of ineffective assistance of counsel requires a petitioner to show that counsel's performance was deficient and that the deficiency caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Deficient performance must fall "'below an objective standard of reasonableness.'" *Soffar v. Dretke*, 368 F.3d 441, 472 (quoting *Strickland*, 466 U.S. at 688, 104 S. Ct. 2052).  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. 2052.  To show prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. 2052.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691, 104 S. Ct. 2052. The issue is whether "there is a reasonable probability that counsel's errors affected the outcome of the trial.*" Soffar*, 368 F.3d at 478.  "A reasonable probability need not be proof by a preponderance that the result would have been different, but it must be a showing sufficient to undermine confidence in the outcome." *Williams v. Cain*, 125 F.3d 269, 279 (5th Cir. 1997) (citing *Strickland*, 466 U.S. at 694, 104 S. Ct. 2052).

The record precludes a showing of either deficient performance by counsel or prejudice. Any objection on the ground that this court lacked jurisdiction would have been futile. The failure to raise meritless, futile objections is not deficient performance and would not affect the outcome. Counsel's failure to raise this argument was not ineffective assistance. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (citing *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) (per curiam)).

## IV.    Conclusion

The government's motion to dismiss, (Docket Entry No. 43), is granted. Garcia's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (Docket Entry No. 39), is denied. Garcia's motion for extension, (Docket Entry No. 44), is granted *nunc pro tunc*. The corresponding civil action is dismissed with prejudice.

A section 2255 motion requires an evidentiary hearing unless the motion, the files, and the record conclusively show the prisoner is entitled to no relief. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). Upon review of the motion to vacate and the files and records of this case, this court finds that an evidentiary hearing is unnecessary. The matters reviewed by the court conclusively show that Garcia is entitled to no relief.

Under the AEDPA, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that

8

"reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability is "a jurisdictional prerequisite" for an appeal on the merits by a habeas petitioner. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id*. at 1042.

Because Garcia has not made the necessary showing, this court will not issue a certificate of appealability.

Final judgment will issue by separate order.

SIGNED on July 23, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge